IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| DAVID GRAHAM, JEAN GRAHAM, | ) | CV 12–145–M–DWM |
| MICHAEL BARRAGAN, PAMELA | ) | |
| BARRAGAN, BARBARA BROWN, | ) | |
| KATHY DUGRE, EDWARD | ) | ORDER |
| EYESTONE, CARLA EYESTONE, | ) | |
| DAVID HAYES, DEBORAH HAYES, | ) | |
| MICHAEL MICHAELIS, MELISSA | ) | |
| MICHAELIS, MARK BLASDEL, | ) | |
| ALICE BLASDEL, ROBERT | ) | |
| LINCOLN, and BETH LINCOLN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| BURLINGTON NORTHERN AND | ) | |
| SANTA FE RAILWAY COMPANY, | ) | |
| BURLINGTON NORTHERN | ) | |
| RAILROAD COMPANY, and | ) | |
| DOES 1–30, inclusive | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| RICHARD A. ORTIZ; ALICE | ) | CV 12–146–M–DWM |
| ENTERPRISES, LLC; THOMAS E. ABEL, | ) | (Consolidated Case) |
| and SHERYL LYNN ABEL; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| BURLINGTON NORTHERN AND | ) | |
| SANTA FE RAILWAY COMPANY, | ) | |

BURLINGTON NORTHERN          )
RAILROAD COMPANY, and        )
DOES 1–30, inclusive         )
                             )
              Defendants.    )
_____ )

The defendants (hereafter, "BNSF") move to dismiss the plaintiffs'

wrongful occupation and unjust enrichment claims. The plaintiffs oppose

dismissal of the former but not the latter. BNSF's motion is granted in part and

denied in part.

The plaintiffs' wrongful occupation claim alleges that BNSF violated

Montana Code Annotated § 27–1–318, which provides:

> The detriment caused by the wrongful occupation of real property in
> cases not otherwise provided for in this code is deemed to be the value
> of the use of the property for the time of such occupation, not exceeding
> 5 years next preceding the commencement of the action or proceeding
> to enforce the right to damages, and the costs, if any, of recovering the
> possession.

BNSF argues that the phrase "in cases not otherwise provided for in this

code" means that a plaintiff cannot bring a wrongful occupation claim if the

plaintiff has a different, potential cause of action that addresses the same conduct.

The plaintiffs, on the other hand, argue that the statute merely defines how

damages are calculated when they are not otherwise specified by statute.

The Montana Supreme Court has not addressed the meaning of the phrase

"in cases not otherwise provided for in this code." Consequently, it is necessary to

attempt to ferret out how the Montana Supreme Court would interpret the phrase.

*See McKown v. Simon Prop. Group, Inc.*, 689 F.3d 1086, 1091 (9th Cir. 2012).

The Montana Supreme Court, like most all other courts, takes the following approach to interpreting statutes:

> We interpret a statute first by looking to its plain language. We construe a statute by reading and interpreting the statute as a whole, without isolating specific terms from the context in which they are used by the Legislature. We will not interpret the statute further if the language is clear and unambiguous. We look to legislative intent if the language is not clear and unambiguous, and give effect to the legislative will. Statutory construction should not lead to absurd results if a reasonable interpretation can avoid it. We must harmonize statutes relating to the same subject, as much as possible, giving effect to each.

*Mont. Sports Shooting Assn., Inc. v. State*, 185 P.3d 1003, 1006 (Mont. 2008) (citations and internal quotation marks omitted).

The plain language of Montana Code Annotated § 27–1–318 is clear. When a plaintiff makes a claim for wrongful occupation, the measure of damages is governed by § 27–1–318 and not some other statute. *See Martin v. Randono*, 623 P.2d 959, 962 (Mont. 1981) ("Section 27–1–318, MCA, governs the measure of damages in instances of wrongful occupation and therefore, section 27–1–317, MCA, ["Breach of obligation other than contract"] is not applicable.") The Montana Supreme Court has never employed § 27–1–318 to preclude other claims.

Nothing in § 27–1–318 prevents a plaintiff from making a wrongful

occupation claim in addition to other claims that might involve the same alleged conduct. *See Corp. Air v. Edwards Jet Ctr.*, 190 P.3d 1111, 1124 (Mont. 2008) ("It is possible to allege several individual causes of action based on the same injury.") In fact, plaintiffs commonly make a wrongful occupation claim alongside nuisance, trespass, and unlawful detainer claims. *See Sunburst Sch. Dist. No. 2 v. Texaco, Inc.*, 165 P.3d 1079 (Mont. 2007); *Kuck Trucking, Inc. v. Brenntag W., Inc.*, 222 P.3d 643 (Mont. 2009); *Glacier Park Co. v. Mt., Inc.*, 285 Mont. 420 (Mont. 1997)

A plaintiff, for example, may allege nuisance or trespass and, if successful, recover restoration damages or the diminution in value of the property, depending on the circumstances. *See Sunburst*, 165 P.3d 1079. These damages are designed to redress injury to the property itself. Section 27–1–318, on the other hand, permits recovery for an additional type of injury—the property owner's inability to use the property on account of the defendant's wrongful occupation. These damages, then, redress a particular injury to the property owner rather than the property itself.

That being said, a plaintiff cannot recover loss-of-use damages under a wrongful occupation theory in addition to the same loss-of-use damages under a different theory, such as trespass or nuisance. *See e.g., French v. Ralph E. Moore, Inc.*, 661 P.2d 844, 847 (Mont. 1983) (recognizing that plaintiffs may recover loss-

of-use damages under a trespass claim). To award the same loss-of-use damages under both theories would be an impermissible double recovery. *See e.g. E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002) ("[I]t goes without saying that the courts can and should preclude double recovery by an individual." (citations and internal quotation marks omitted)); *Burk Ranches, Inc. v. St.*, 790 P.2d 443 (Mont. 1990), *abrogated on other grounds*, *Sunburst*, 165 P.3d 1079.

BNSF points to two state district court decisions in support of its argument. In those cases, one out of the First Judicial District Court and the other out of the Sixth Judicial District Court, the courts summarily concluded that the plaintiffs could not bring a wrongful occupation claim because they had other claims available to them. Neither court provided any reasoning for its determination other than saying that the plain language of the statute precluded the plaintiffs' wrongful occupation claims.

That view seems incorrect in light of the principles reflected in other Montana Supreme Court decisions. In my view, if the Montana Supreme Court were to address this issue, it would likely disagree, too. The plain language of the statute does not bar a wrongful occupation claim if another statutory claim and remedy is available. Instead, the plain language of the statute states simply that when a plaintiff makes a wrongful occupation claim, the measure of damages is the lost rental value, unless a different statute provides the measure of damages.

Again, though, the plaintiffs cannot recover twice for loss of use of their property.

At least four other states—California, South Dakota, North Dakota, and Oklahoma—have adopted a similar wrongful-occupation statute. Cal. Civil Code § 3334; S.D. Codified Laws § 21–3–5; N. D. Cent. Code § 32–03–21; Okla. Stat. Ann. tit. 23, § 62. None of the courts in these states have adopted the interpretation that BNSF advances. The California courts, for example, permit plaintiffs to bring a wrongful occupation claim in addition to other claims covering the same conduct (e.g., trespass or nuisance). *See e.g. Bailey v. Outdoor Media Group*, 155 Cal. App. 4th 778 (Cal. Ct. App. Sept. 25, 2007); *Starrh & Starrh Cotton Growers v. Aera Energy LLC*, 153 Cal. App. 4th 583 (Cal. Ct. App. July 20, 2007); *Watson Land Co. v. Shell Oil Co.*, 130 Cal. App. 4th 69 (Cal. Ct. App.  June 9, 2005). Courts in these states apply their wrongful occupation statutes merely as a measure of damages for other claims like trespass or nuisance.

In summary, Montana Code Annotated § 27–1–318 does not prevent the plaintiffs from pursuing other claims against BNSF. But the plaintiffs may not double recover loss-of-use damages under both a wrongful occupation theory and some other theory, such as trespass or nuisance.

IT IS ORDERED that BNSF's motion to dismiss (doc. 9) is GRANTED IN PART and DENIED IN PART. BNSF's motion to dismiss the plaintiffs' unjust enrichment claim is GRANTED. BNSF'S motion to dismiss the plaintiffs'

wrongful occupation claim is DENIED.

Dated this _24ᵗʰ_ day of January 2013.

_Donald W. Molloy, District Judge_
United States District Court