IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DAVID GRAHAM, MICHAEL BARRAGAN, PAMELA BARRAGAN, BARBARA BROWN, KATHY DUGRE, DAVID HAYES, DEBORAH HAYES, MICHAEL MICHAELIS, MELISSA MICHAELIS, MARK BLASDEL, ALICE BLASDEL, ROBERT LINCOLN, and BETH LINCOLN,<br><br>              Plaintiffs,<br><br>   vs.<br><br>BNSF RAILWAY COMPANY, BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, BURLINGTON NORTHERN RAILROAD COMPANY, and DOES 1–30, inclusive,<br><br>              Defendants.<br>_____<br><br>RICHARD A. ORTIZ, ALICE ENTERPRISES, LLC, THOMAS E. ABEL, and SHERYL LYNN ABEL,<br><br>              Plaintiffs,<br><br>   vs.<br><br>BNSF RAILWAY COMPANY, | CV 12–145–M–DWM (lead case)<br><br>(consolidated with) CV 12–146–M–DWM<br><br>ORDER |

| BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, BURLINGTON NORTHERN RAILROAD COMPANY, and DOES 1-30, inclusive, |
|---|
| Defendants. |

Defendants BNSF Railway Company, Burlington Northern and Santa Fe Railway Company, and Burlington Northern Railroad Company (collectively "BNSF") move to exclude a portion of the expert report of Plaintiffs' expert, David Erickson. (Doc. 42.) Specifically, BNSF moves to exclude Opinion VII, the portion of Mr. Erickson's report that discusses the actual cost of Mr. Erickson's proposed restoration remedy. (Doc. 44-1 at 15-17.) BNSF takes the position that Plaintiffs failed to disclose the facts and data supporting Opinion VII until after the deadlines for expert disclosures had passed, that when it was produced it exacerbated the untimely production, and therefore, this opinion should be excluded from trial. For the reasons discussed below, BNSF's motion is granted.

Pursuant to the Scheduling Order, "[o]bjections to the timeliness or sufficiency of a Rule 26(a)(2)(B) report must be made within 14 days of the disclosure date set in paragraph 1, or the objection will be deemed waived." (Doc.

24); *see also* Fed. R. Civ. P. 26(a)(3)(B) (requiring objections be made within 14 days of disclosure unless the court sets a different time). To begin with, BNSF did not raise its objection to the sufficiency of Mr. Erickson's report within the requisite time frame. However, the alleged omission from Mr. Erickson's report is no small matter. This Court has previously excluded expert testimony in a situation where the facts and data underlying an expert report were disclosed two and half months after the expert disclosure deadline and two days before the opposing party's deposition of the expert. *Olson v. Mont. Rail Link, Inc.*, 227 F.R.D. 550, 551 (D. Mont. 2005).

 Here, the disclosure of the memorandum by Dr. Stephen Anderson did not occur until three months after the disclosure deadline and was revealed for the first time in the middle of Mr. Erickson's deposition. The dilemma is whether Plaintiffs' disregard for Rule 26 and the Scheduling Order should go unsanctioned based on BNSF's failure to abide by the Scheduling Order in making its objection to the tardy disclosure. Although BNSF did not object to the sufficiency of the report until well after the fourteen-day deadline, the deficiency in the expert disclosure was not facially apparent and did not become clear until Plaintiffs came forward with the Anderson memorandum. The initial disclosure included a chart summarizing Mr. Erickson's restoration estimates. ("Attachment J," Doc. 65-2.)

Instead of contending this initial disclosure was insufficient, BNSF moved forward on the premise that Mr. Erickson was just mistaken and failed to rely on professional input in reaching his conclusions. BNSF was not on notice that Mr. Erickson had in fact relied on such input or that the input formed the basis of his report. Accordingly, even though the objection is not timely, BNSF is entitled to a remedy.

Rule 37(c)(1) of the Federal Rules of Civil Procedure, gives teeth to the expert disclosure requirements "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37(c)(1) provides, in relevant part, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Plaintiffs have not argued that either exception applies here.

Plaintiffs argue that the late disclosure is permitted under the Scheduling Order, which allows for supplemental disclosures by an expert witness whose report or deposition is incomplete or incorrect up to ninety (90) days before trial. (Doc. 24 at ¶ 11.) This argument is wrong for a number of reasons, the least of

4

which is that it flies in the face of the pretrial order and Rule 26.  The ability to supplement expert disclosures, as provided in the Scheduling Order, is not "intended to provide an extension of the expert designation and report production deadline."  *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998).  Here, Plaintiffs were not attempting to supplement an incomplete report "based on information that was not available at the time of the initial disclosure."  *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998).  Nor is the failure excused by the fact that trial is "some months away."  *Wong v. Regents of U. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2004).

Plaintiffs did not provide the data underlying Mr. Erickson's expert disclosure as required by Rule 26(a)(2)(B) and the January 15, 2013 Scheduling Order.  BNSF did not receive all of the required and necessary information until after the deadline for rebuttal expert reports, denying BNSF the opportunity to effectively rebut Mr. Erickson's conclusions.  The memorandum was not produced until Mr. Erickson's deposition, preventing BNSF from fully preparing to depose Mr. Erickson.  As no exceptions apply, consequences under Rule 37(c)(1) are appropriate.  Mr. Erickson is barred from relying in any way upon data or conclusions specifically not included and spelled out in his December 2013 disclosure.  Exclusion is appropriate for violations of the disclosure rules even

5

where it may preclude an "entire cause of action or defense." *Yeti by Molly*, 259 F.3d at 1106.

Accordingly, IT IS ORDERED that BNSF's motion (Doc. 42) is GRANTED. Mr. Erickson is prohibited from relying in any way upon data or conclusions specifically not included and spelled out in his December 2013 disclosure.

DATED this 24th day of March, 2014.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT